

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00051-CV

_____

CATHERINE ANN, Appellant

V.

ASTRO INN, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-000081-1

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In this forcible-detainer appeal, Appellant Catherine Ann appeals the trial court's January 24, 2025 default judgment awarding Appellee Astro Inn possession of the subject premises and its subsequent "Order of Nonsuit" dismissing Astro Inn's claims against Ann. We notified Ann of our concern that we lacked jurisdiction over this appeal because neither the default judgment[1] nor the nonsuit order appeared to be a final judgment or an appealable interlocutory order. We warned that unless any party to the appeal filed a response within ten days showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Ten days have passed, and we have received no response.

In the meantime, we have received and reviewed the clerk's record. A writ of possession issued on February 3, and Ann requested to be heard on the matter. The trial court scheduled a hearing on February 12, but on that day, Astro Inn and Ann signed a "Rule 11 Agreement," in which Ann agreed to vacate the subject premises by March 20 and waived her right to appeal. A constable's return indicates that the writ of possession was executed on March 24 and the property was "released back to the landlord."

We thus again notified Ann of our concern that the case should be dismissed because her appeal had become moot when Ann had vacated the property and

---

[1]The default judgment states, "This is not a final order."

possession had been returned to Astro Inn. We sent another ten-day letter warning that we could dismiss the appeal for want of jurisdiction, to which we received no response. *See* Tex. R. App. P. 42.3(a), 44.3.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). An appeal in a forcible-detainer case becomes moot when the appellant vacates the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787.

Here, as evidenced by the executed writ of possession, Ann is no longer in actual possession of the property, and she has not presented any other basis for claiming a current, actual right to possession. *See id.*; *Holt v. McQueen*, No. 14-09-00193-CV, 2009 WL 1795698, at *1 (Tex. App.—Houston [14th Dist.] June 25, 2009, no pet.) (mem. op.); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.) ("Lack of any basis for claiming a current right to possess a residential premises renders an appeal from a judgment of possession moot."). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  June 5, 2025